UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANTONIO CORRILLO ESTRELLA, | Case No. 2:23-cv-00322-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| RICARDO RAMIREZ, NYE COUNTY SHERIFF'S OFFICE, et al., | ECF No. 10 |
| Defendants. | |

**On June 5, 2023, the magistrate judge entered the following Report and Recommendation:**

Plaintiff's *in forma pauperis* ("IFP") application (ECF Nos. 7 and 9) and Civil Rights Complaint are pending before the Court.  ECF No. 1-1.  Plaintiff's IFP application is complete and granted below.

I.      **The Screening Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  However, *pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6).  The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

In 1989, the U.S. Supreme Court established "a free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person … [must be] analyzed under the Fourth Amendment's 'objective reasonableness' standard …." *Graham v. Conner*, 490 U.S. 386, 388 (1989). Determining whether the force used when making a specific seizure is "reasonable" requires the Court to balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against the countervailing governmental interests at stake. *Id.* at 396 (internal citation and quote marks omitted).

In *Harris v. Roderick*, 126 F.3d 1189, 1201 (9th Cir. 1997), *cert. denied*, 522 U.S. 1115 (1998), the Ninth Circuit held:

> The "broad discretion that must be afforded to police officers who face tense situations," must be extended to mistakes of fact concerning "the existence of probable cause" as well as to mistakes as to what the law requires under particular circumstances. *Jeffers v. Gomez*, 267 F.3d 895, 909 (9th Cir. 2001). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The "question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

Here, Plaintiff complains that Nye County Deputy Sheriff Ricardo Ramirez ("Ramirez") used excessive force when he apprehended Plaintiff in Tonopah, Nevada.  Plaintiff says he was driving a four wheel drive vehicle on Tonopah's main city street at 35 miles per hour when Ramirez noticed him.  ECF No. 1-1 at 3.  Once noticed, Plaintiff admits he did not immediately stop.  *Id.*  Plaintiff says Ramirez then used his patrol car "as a deadly weapon" causing Plaintiff to crash and suffer injuries.  *Id*.  Plaintiff says Ramirez thought Plaintiff was a parole or probation violator; however, according to Plaintiff, he posed no danger to the community.  *Id*.

In *Scott v. Harris*, a motorist led police on a chase that reached speeds exceeding 85 miles per hour.  550 U.S. 372, 374-75 (2007).  At one point the motorist pulled into a parking lot where officers tried to box him in, but the motorist evaded the trap by colliding with an officer's car and driving away.  The chase resumed.  The officer ended the chase by applying his "push bumper" to the back of the motorist's vehicle causing the motorist to crash.  The crash injured the motorist rendering him a quadriplegic.  *Id.* at 375.  The question before the court was whether an officer can "take actions that place a fleeing motorist at risk of serious injury or death in order to stop the motorist's flight from endangering the lives of innocent bystanders."  *Id.* at 374.  The Court held that the officer's actions were objectively reasonable because the chase "posed a substantial and immediate risk of serious physical injury to others," and "no reasonable jury could conclude otherwise."  *Id.* at 381, 386.  The Court explained that "[a] police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death."  *Id.* at 386.

Here, Plaintiff says he was driving a four wheel drive vehicle at 35 miles per hour on a city street in Tonopah and did not stop when Ramirez told him to do so.  Plaintiff pleads no facts about what happened after he refused to stop.  While Plaintiff says Ramirez's actions "threatened … [his] life and citizens on the ground," Plaintiff pleads no facts supporting this conclusory statement.  Thus, the Court finds Plaintiff's allegations are insufficient to state a plausible claim that Ramirez used excessive force violating Plaintiff's Fourth Amendment rights.  *See Christiansen v. Eral*, 52 F.4th 377, 379-80 (8th Cir. 2022).  To state such a claim Plaintiff must plead more facts detailing what

happened after he failed to stop the four wheel drive vehicle up to the moment Plaintiff contends Ramirez rammed his vehicle into Plaintiff.  Such facts will allow the Court to assess whether, under the objective reasonableness standard, Plaintiff states a Fourth Amendment claim for relief.

**III.    Order**

It is hereby Ordered that Plaintiff's complete application to proceed *in forma pauperis* (ECF Nos. 7, 9) is GRANTED.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be given through and including **July 18, 2023** to file a first amended complaint that addresses the deficiencies identified by the Court in the discussion above.  That is, a proposed amended complaint must include all facts and all claims Plaintiff seeks to bring before the Court.  The first amended complaint must plead sufficient factual allegations to support each claim Plaintiff asserts.  For example, Plaintiff must include facts demonstrating what Ramirez did was unreasonable under the circumstances.  Conclusory statements that Ramirez's actions were dangerous or unreasonable are insufficient to state a claim.

IT IS FURTHER RECOMMENDED that the Clerk of Court send Plaintiff the form and instructions for filing a civil rights complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file an amended complaint by or before **July 18, 2023**, this case be dismissed in its entirety, but without prejudice.

Dated this 5th day of June, 2023

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

**Order Adopting Report and Recommendation**

The deadline for the plaintiff to object to the magistrate judge's recommendation was June 19, 2023, and the plaintiff neither filed objections nor moved to extend the deadline to do so.  No review is required of a magistrate judge's report and recommendation unless objections are filed. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Having reviewed the report and recommendation I find good cause to adopt it, and I do.

It is therefore ordered that the magistrate judge's report and recommendation **[ECF No. 10] is ADOPTED and plaintiff's complaint is dismissed without prejudice and with leave to amend by July 18, 2023.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 30, 2023